# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENNIS STRONG,

                Plaintiff,

v.                                                      Case No. 18-cv-237-pp

LANCE L. WILSON, et al.

                Defendants.

# REPORT AND RECOMMENDATION
# ON DEFENDANTS' MOTION TO DISMISS

Dennis Strong is a Wisconsin prisoner representing himself in this lawsuit under 42 U.S.C. § 1983. He alleges that the defendants violated his civil rights. (ECF No. 1.) The defendants have filed a motion to dismiss for failure to prosecute. For the reasons stated below, I recommend that defendants' motion to dismiss be granted.

## PROCEDURAL HISTORY

The court screened the complaint on February 20, 2018, and allowed Strong to proceed on a First Amendment retaliation claim. (ECF No. 5.) Once the defendants answered, the court issued a scheduling order, setting the deadline for discovery for January 21, 2019. (ECF No. 19.) In the scheduling order, the court advised Strong "that failure to make a timely submission or otherwise comply with the court's orders may result in the dismissal of the case for failure to prosecute." *Id.* at ¶4.

At the time, Lance Wilson was the only defendant in this matter and began conducting discovery. On November 19, 2018, he sent Strong medical authorization forms, requesting Strong to sign and return them. (ECF No. 32 at 2.) Strong did not respond to the request. *Id.* The defendant sent two more requests for the authorization forms on February 8 and February 27, 2019, and Strong did not respond. *Id.*

Also, on December 19, 2018, the defendant sent a notice to appear for a deposition on January 9, 2019 at the Racine Correctional Institution (where Strong was incarcerated). *Id.* The defendant heard nothing so made arrangements with staff at RCI and hired a court reporter. *Id.* However, when the time came for the deposition, Strong refused to leave his cell and attend. *Id.*

Additionally, Strong refused to adequately respond to written discovery requests. *Id.* The defendant served his First Set of Written Interrogatories and Requests for Production of Documents on November 27, 2018. *Id.* at 3. For months, Strong did not respond. Then, on January 4, 2019, Strong filed a motion entitled "Motion to hold Scheduling Order and/or Discovery in Abeyance" wherein he explained that he was having difficulty participating in discovery and described his limited access to his legal materials due to a transfer from Red Granite Correctional Institution to RCI. (ECF No. 20 at 3-4.) He also essentially asked for a stay of the discovery deadline and requested a hearing. *Id.* at 5. The defendant filed a letter to

2

the court in response outlining the above-mentioned discovery issues and echoing the request for a status conference. ECF No. 21 at 1.

Accordingly, the court held a status conference on March 19, 2019. During the hearing, Strong informed the court that he was in the process of hiring a lawyer to help him with his discovery issues, which is why he requested a stay of the deadline. ECF No. 24 at 1. The defendant again relayed how Strong was refusing to cooperate with discovery and initially opposed a stay of the discovery deadline. *Id.* However the defendant ultimately agreed to an extension of the discovery and dispositive motions deadlines. *Id.* The defendant also requested the court order Strong to fully participate in discovery. *Id.* In an oral order, the court ordered Strong to fully participate in discovery and that no later than April 12, 2019, Strong needed to sign the medical authorizations and provide the defendant with completed discovery. *Id.* The court also set up a follow-up status conference for April 30, 2019. *Id.*

At the hearing on April 30, the defendant reported that Strong still had not provided a signed medical authorization nor responded to discovery. (Audio Recording of Motion Hearing of April 30, 2019 at 9:37:43-9:38:14, *Strong v. Wilson*, 18-cv-273-pp-nj.) Strong explained that he had an issue with providing his social security number on the medical authorizations, and the court asked whether he discussed the concerns with the defendant's lawyer, to which Strong responded he had not. *Id.* at 9:38:15-9:41:09. Strong asked whether the defendant could obtain the medical records without providing his social security number, and the defendant's

counsel explained that the social security number was required by the medical providers to obtain the medical records. *Id.* The court explained that the medical records were necessary to keep the case moving forward and, while it would not compel Strong to provide the medical authorizations, if he chose not to provide them, or otherwise refused to participate in discovery, it indicates to the court that Strong no longer wishes to prosecute the case—which would result in a dismissal. *Id.* at 9:41:38-9:41:47; 9:44:20-9:44:47; 9:45:00-9:45:10. The court then ordered Strong to produce the medical authorizations by May 10, 2019 if he wished to continue with his case. *Id.* at 9:41:38-9:41:47. Strong then asked whether the defendant would be interested in settling the case, and the defendant responded that without discovery, the defendant could not have settlement talks. *Id.* at 9:49:30-9:50:10; 9:51:35-9:52:04. The defendant then stated that Strong had yet to respond to written discovery requests. *Id.* at 9:53:40-9:54:25. The court warned Strong that if he failed to respond to discovery, his case would be dismissed. *Id.* at 9:54:26-9:54:46. The court then ordered Strong to answer the written discovery requests by May 10, 2019. *Id.* at 9:56:11-9:56:17. The court also granted Strong's oral motion to amend the complaint (ECF No. 23), giving him until May 17, 2019 to file amended pleadings. *Id.* at 10:00:12-10:02:12.

After the hearing, the court issued an amended scheduling order extending the discovery deadline to July 12, 2019 and the dispositive motion deadline to August 21, 2019. ECF No. 27. The amended scheduling order once again warned Strong "that

counsel explained that the social security number was required by the medical providers to obtain the medical records. *Id.* The court explained that the medical records were necessary to keep the case moving forward and, while it would not compel Strong to provide the medical authorizations, if he chose not to provide them, or otherwise refused to participate in discovery, it indicates to the court that Strong no longer wishes to prosecute the case—which would result in a dismissal. *Id.* at 9:41:38-9:41:47; 9:44:20-9:44:47; 9:45:00-9:45:10. The court then ordered Strong to produce the medical authorizations by May 10, 2019 if he wished to continue with his case. *Id.* at 9:41:38-9:41:47. Strong then asked whether the defendant would be interested in settling the case, and the defendant responded that without discovery, the defendant could not have settlement talks. *Id.* at 9:49:30-9:50:10; 9:51:35-9:52:04. The defendant then stated that Strong had yet to respond to written discovery requests. *Id.* at 9:53:40-9:54:25. The court warned Strong that if he failed to respond to discovery, his case would be dismissed. *Id.* at 9:54:26-9:54:46. The court then ordered Strong to answer the written discovery requests by May 10, 2019. *Id.* at 9:56:11-9:56:17. The court also granted Strong's oral motion to amend the complaint (ECF No. 23), giving him until May 17, 2019 to file amended pleadings. *Id.* at 10:00:12-10:02:12.

After the hearing, the court issued an amended scheduling order extending the discovery deadline to July 12, 2019 and the dispositive motion deadline to August 21, 2019. ECF No. 27. The amended scheduling order once again warned Strong "that

failure to make a timely submission or otherwise comply with the court's orders may result in the dismissal of the case for failure to prosecute." *Id.* at ¶3.

Strong filed an amended complaint on May 5, 2019, adding seven additional parties. The defendants answered on May 30, 2019, ECF No. 30, and then filed the motion to dismiss currently at issue on June 17, 2019. ECF No. 31.[1] In the brief supporting their motion to dismiss, the defendants state that Strong, as of June 17, still had not provided the medical authorizations. ECF No. 32 at 4. And while Strong did submit responses to the defendants' written discovery requests, he answered every single interrogatory and request for production of documents the same way:

> DUE TO THE PLAINTIFF'S CHRONIC MENTAL HEALTH ISSUES AND SHORTCOMINGS THEREFROM, THE PLAINTIFF LACKS THE CAPACITY TO PROVIDE A MEANINGFUL ANSWER TO THE ABOVE.

*Id.* at 3. The defendants argue that this is functionally a non-response.

In response to the defendants' motion to dismiss, Strong filed a motion for sanctions, ECF No. 35, and a motion entitled "Motion for Extension of Time, Motion for Relief from the E-Filing Project." ECF No. 40. In his motion for sanctions, Strong explained his reason for not providing the medical authorizations, stating that he "made the judgment call to not effectuate what is deemed to be an unlawful authorization form." ECF No. 35 at 4. Strong argued that the form, in requiring his social security number, violates the law; however, he does not explain how. *Id.* He

---

[1] Because the defendants filed a motion to dismiss for failure to follow the court orders regarding discovery, which does not concern the substance of the claims, the court stayed screening the complaint until the motion to dismiss is resolved.

stated that he tried to talk to defendants' counsel about his concerns, but his concerns "fell on deaf ears." *Id.* He also complains that the defendants' affidavit submitted in support of their motion to dismiss violates the law because it includes forms with his social security number. *Id.* at 3-4.

After the defendants had time to reply to Strong's motions, the court set a hearing, which was held on October 1, 2019. Strong once again objected to the requirement that he include his social security number and explained that he could not respond to discovery or appear for his deposition because he did not have his legal materials. Audio Recording of Motion Hearing of October 1, 2019 at 10:37:30-10:44:40, Strong v. Wilson, 18-cv-273-pp-nj. The defendants stated that Strong frequently states that he does not have his legal materials as an excuse for his non-participation in discovery. *Id.* at 10:50:30-10:51:51. The court once again explained that the case cannot move forward without the medical authorizations and that the medical providers are requiring that the form includes his social security number for the release of records, not the defendant. *Id.* at 10:48:49-10:49:49. The court also addressed Strong's concern about the defendants' including his social security number in their court filings, explaining that the records are restricted and only the parties and court personnel can access that information. *Id.* at 10:49:50-10:50:13. The court noted that it has repeatedly explained to Strong what would happen if he chooses not to comply with the court's previous orders and discovery and told Strong that it appears he made a choice not to comply. *Id.* at 10:53:23-10:54:41. Based on that choice, the court stated it appears that it has no other option other than to

recommend to the district court judge to grant the defendants' motion to dismiss for failure to prosecute the case. *Id.* However, the court indicated it would take the time to consider all the events in this case, outline the case history, and put its recommendation in writing. *Id.*

## ANALYSIS

Under Federal Rule of Civil Procedure 37, if a party "fails to obey an order to provide or permit discovery . . . the court may issue further just orders. They may include . . . dismissing the action or proceeding in whole." Fed. R. Civ. P. 37(b)(2)(A)(v). The court has given Strong several chances to respond and participate in discovery. While the court understands Strong's reservations about providing his social security number, the court and the opposing parties have made accommodations to protect this information, including restricting the record. The court has also had several discussions with Strong regarding the necessity of providing the social security number to the medical providers, with the court explaining to Strong several times that providing the number is the only way to get the medical records. Strong has also been warned by the court several times that failure to release his medical records will result in dismissal of the case because the case cannot move forward without that information. Yet, Strong chose to ignore these warnings, stating that he "made the judgment call to not effectuate" the authorization form. ECF No. 35 at 4.

Strong has also failed to meaningfully respond to written discovery requests or appear for his deposition. On several occasions he blamed his nonparticipation on his lack of access to his legal materials. When he did finally respond to the written discovery requests, he stated that he lacked the mental capacity to respond. However, the court has had several interactions with Strong and found him capable of discussing his case in a substantial and meaningful way. His filings have been clear and easy to understand and suggest that Strong could have meaningfully participated in written discovery. The court has ordered him several times to do so, and Strong continues to flout those orders. Such orders are "designed to enable judges to control their dockets and manage the flow of litigation." *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011). And, failure to obey those orders justifies dismissal under Rule 37. *Id.*

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (ECF No. 31) be **GRANTED** based on Strong's choice to not meaningfully participate in discovery and that this case be **DISMISSED without prejudice**.

Strong's attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), which allow Strong to file written objections to the court's recommendation within fourteen days of service of the recommendation. Strong's failure to timely file objections with the district court shall result in a waiver of his right to appeal.

Dated at Milwaukee, Wisconsin this 18th day of November, 2019.

                                      BY THE COURT:

                                      *s/Nancy Joseph*
                                      NANCY JOSEPH
                                      United States Magistrate Judge