UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS STRONG,

    Plaintiff,

v.

Case No. 18-cv-237-pp

LANCE L. WILSON, OUTAGAMIE COUNTY,
DAVID KEISNER, DOUGLAS VERHEYEN,
BRIAN WIRTZ, JEFFERY FEUCHT,
MELISSA LINJER, and JOSHUA KRUEGER,

    Defendants.

---

**ORDER ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 43), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MOTION FOR RELIEF FROM THE E-FILING PROJECT (DKT. NO. 40), DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 35), GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE (DKT. NO. 31) AND DISMISSING CASE**

---

    In the past two and a half years, plaintiff Dennis Strong has filed nine cases in this court. All but two have been dismissed; in one, Strong v Wisconsin Public Defender, *et al.*, 17-cv-1714, he incurred a "strike" under 28 U.S.C. §1915.

    The plaintiff filed this complaint on February 14, 2018. Dkt. No. 1. The court allowed the plaintiff to proceed on a First Amendment retaliation claim against defendant Wilson, based on his allegations that Wilson retaliated against him for complaining about Wilson's alleged sexual harassment. Dkt. No. 12 at 7.

    After defendant Wilson filed his answer to the complaint, the court issued a scheduling order, requiring the parties to complete discovery by January 21, 2019. Dkt. No. 19. Four days before that deadline, the court

1

received a motion from the plaintiff, asking to hold the scheduling order and discovery in abeyance, on the ground that he'd been diagnosed with a mental health problem. Dkt. No. 20. The plaintiff also indicated that he'd been transferred from one facility to another and that it had taken time for him to receive his property, including his legal materials. Id. at 3-4. Defendant Wilson responded by advising the court that he had noticed the plaintiff's deposition for January 9, 2019, and the plaintiff had not objected. Dkt. No. 21. The defendant had scheduled a court reporter and coordinated with the prison for the deposition. Id. at 1. When counsel arrived for the deposition, however, the plaintiff had refused to leave his cell. Id. The defendant pointed out that the plaintiff's motion had not asked to reschedule the deposition. Id. The defendant indicated that he didn't object to staying discovery but emphasized that he wanted the opportunity to reschedule the plaintiff's deposition. Id. at 1-2.

Magistrate Judge Nancy Joseph held a telephone status conference on March 19, 2019. Dkt. No. 23. She denied the motion to stay discovery, ordered the plaintiff to fully participate in the discovery process, and ordered the plaintiff to provide the defendant with discovery and to sign medical releases by April 12, 2019. Id. at 1. She scheduled a status conference for April 30, 2019 at 9:30 a.m., indicating that at that time she wanted an update as to the status of discovery (as well as an update on whether the plaintiff had found a lawyer). Id. at 2.

At the April 30, 2019 status conference, Judge Joseph learned that the plaintiff had not signed the medical release as she had ordered him to do, and that he had not responded to many of the defendant's discovery requests. Dkt. No. 26. Judge Joseph ordered the plaintiff to provide the medical release and the discovery by May 10, 2019. Id. She also gave the plaintiff a deadline of May

17, 2019 to file an amended complaint. Id. She issued a separate scheduling order, requiring the parties to complete discovery by July 12, 2019 and to file dispositive motions by August 12, 2019. Dkt. No. 27. The court received the amended complaint on May 20, 2019, dkt. no. 28, and the defendants answered on May 30, 2019, dkt. no. 30.

On June 17, 2019, the defendants filed the instant motion to dismiss the case. Dkt. No. 31. The motion stated that the plaintiff still had not signed the medical release, despite the defendants having sent him the form three times. Id. at 2. They reiterated that the plaintiff had refused to attend his deposition on January 9, 2019. Id. They explained that they'd served their first written discovery demands on November 27, 2018, that despite several court orders the plaintiff had not responded until June 5, 2019, and that he'd provided the same response to each interrogatory and document request: "DUE TO THE PLAINTIFF'S CHRONIC MENTAL HEALTH ISSUES AND SHORTCOMINGS THEREFROM, THE PLAINTIFF LACKS THE CAPACITY TO PROVIDE A MEANINGFUL ANSWER TO THE ABOVE." Id. at 3. The defendants sent a second set of written discovery on December 7, 2018, to which the plaintiff had not responded. Id. The defendants recounted all the times the court had ordered the plaintiff to comply with the defendants' discovery demands. Id. at 3-4. The defendants asked the court to dismiss the case because of the plaintiff's failure to obey court orders and failure to comply with discovery demands.

A month and a half later, the plaintiff filed a motion for sanctions. Dkt. No. 35. He asserted that defense counsel had disclosed his Social Security number and date of birth in violation of the E-Government Act. Id. at 2. He also asserted that when they filed their motion to dismiss, the defendants had

3

attached copies of the release form which contained the Social Security number and date of birth. Id. at 5. The defendants responded by reiterating their request for the court to dismiss the case. Dkt. No. 38.

The plaintiff responded with a document indicating that he'd been placed in protective segregation at the Racine Correctional Institution on July 20, 2019 and then had been moved to the Oshkosh Correctional Institution on August 7, 2019. Dkt. No. 40 at 2. He asserted that during that time, he didn't have access to his legal materials. Id. He then was in a county jail for five days ahead of a court appearance. Id. at 3. He indicated that these circumstances prevented him from filing "necessary pleadings" with the court by August 12, 2019[1]. Id. The plaintiff also alleged that while he was in the county jail, defendant Wilson had threatened his life, and that he needed to amend his complaint to incorporate that information. Id. at 4. He asked the court to schedule a status conference, and to scan the motion into the docket. Id.

Judge Joseph held a hearing on October 1, 2019. Dkt. No. 41. Judge Joseph asked the plaintiff why the court shouldn't dismiss his case for failure to prosecute it, given that he hadn't responded to discovery requests or signed the medical release. Id. The plaintiff explained about being put in segregation and not having his legal materials and expressed concern that his Social Security number would become public if he completed the medical release. Id. Judge Joseph explained that it was the medical facility having the plaintiff's records needed the Social Security number, not the defendants. Id. The defendants reiterated their request that the court dismiss the case for the

---

[1] The court does not know why the plaintiff believed that he had documents due by August 12, 2019. His response to the defendants' motion to dismiss would have been due on or about July 8, 2019.

4

plaintiff's failure to comply with the court's orders and with their discovery demands. Id.

Judge Joseph did not dismiss the case at the October 1, 2019 hearing; she took it under consideration so that she could review the docket and put her decision in writing. Dkt. No. 43 at 7. She issued her written recommendation to this court on November 18, 2019. Dkt. No. 43. After recounting in detail the above events, Judge Joseph concluded that despite being given several chances to participate in discovery, the plaintiff had refused to do so. Id. at 7. She stated that despite repeated warnings that his case could be dismissed if he didn't sign the medical release, he hadn't done so. Id. She described the plaintiff's repeated delays in responding to discovery demands, and noted that when he finally did respond, he claimed that his mental condition prevented him from providing discovery. Id. at 8. Judge Joseph did not find this persuasive; she discussed the interactions she'd had with the plaintiff, and the many pages of documents he'd filed. Id. She concluded that the plaintiff had "flouted" her orders to participate in the discovery process and recommended that the case be dismissed without prejudice. Id.

On December 11, 2019, the plaintiff filed a document titled "Plaintiff's Affidavit—Statement of Facts Vehemently Objecting to the Magistrate Recommendation." Dkt. No. 44. He claimed that Judge Joseph had "mischaracterized" his argument about his Social Security number; he asserted that "those entities to which the records are sought" weren't entitled access to the information. Id. at 1. He stated that if the court continued to "ignorantly and arrogantly" disregard the reason he refused to sign the release form, he would ask the American Civil Liberties Union to file an *amicus* brief on the issue and would appeal to the Seventh Circuit. Id. at 2. After further discussion

5

of his beliefs on the Social Security issue, the plaintiff reiterated that he'd not had meaningful access to his legal files due to the various transfers from one facility to another. Id. He reiterated his claim that defendant Wilson had threatened him. Id. He also asserted that while Judge Joseph's recommendation was dated November 18, 2019, he didn't receive it until November 22, 2019. Id.

Federal Rule of Civil Procedure 72(b)(3) requires the district court to conduct a *de novo* review of any part of the magistrate judge's report and recommendation to which a party properly objects. This court has independently reviewed all the pleadings discussed above, as well as the minutes of the hearings Judge Joseph held and her order recommending dismissal. The court will adopt Judge Joseph's recommendation.

Fed. R. Civ. P. 37 allows the court to sanction a party who does not obey the court's discovery orders. Rule 37(b)(2)(A)(v) allows the court to dismiss a case as a sanction for not obeying a discovery order.

The plaintiff has argued that he couldn't respond to the discovery demands because of issues related to his transfer from one prison to another. But the record does not support this argument. This court issued the first scheduling order on September 19, 2018, setting a deadline for completing discovery of January 21, 2019. Dkt. No. 19. It has been almost a year since that first deadline. The Wisconsin Inmate Locator web site shows that at the time the court issued that order, the plaintiff was incarcerated at Redgranite Correctional Facility. https://appsdoc.wi.gov/lop/details.do. He was moved from Redgranite to Racine Correctional Institution on November 6, 2018; seventeen days later, he went to the Outagamie County Jail for court, and didn't return until November 30, 2018. Id. So the plaintiff is correct that during

6

the discovery period this court set in the original scheduling order, he was subject to a transfer and the delays in obtaining personal property that usually accompany such transfers, and he was in a county jail where he couldn't work on discovery for about a week.

But by the time the January 9, 2019 deposition date arrived, the plaintiff had been back at Racine Correctional for over a month. He never has explained why he did not appear for his deposition—a sanctionable discovery violation on its own. He had the wherewithal to file a motion asking Judge Joseph to stay discovery. Although Judge Joseph refused to stay discovery, the plaintiff in effect obtained an extension of the discovery period, because Judge Joseph ordered him to comply with the defendant's discovery demands and extended the discovery deadline to April 12, 2019.

The inmate locator shows that between the March 19, 2019 hearing and the April 12, 2019 deadline, the plaintiff was at Racine Correctional—no transfers. Yet the plaintiff did not comply with the defendant's discovery demands and had not signed the medical release form. Although the plaintiff had not done what Judge Joseph ordered him to do, she again extended the deadline for him to comply, this time to July 2019.

Again, the inmate locator shows that between the April 30, 2019 hearing and the time the defendants filed their motion to dismiss, the plaintiff was at Racine Correctional, and wasn't transferred anywhere. So his failure to comply with the defendants' discovery demands during that time aren't attributable to being transferred.

The plaintiff has argued that he didn't sign the medical release because the Outagamie County Jail and Redgranite were not entitled to access to his Social Security number and date of birth. This argument makes no sense for a

7

couple of reasons. First, the plaintiff had been an inmate in both of those facilities; both would have had his Social Security number and date of birth already. Second, Judge Joseph explained to the plaintiff, more than once, that his arguments regarding his Social Security number were unfounded. The E-Government Act of 2002, which the plaintiff cited in complaining about the fact that the release form contained his Social Security number, applies to *federal agencies*, not the defendants, and governs how federal agencies collect, store and protect electronic data. The reason the release forms contained the plaintiff's full Social Security number is so the entities from which the defendants were seeking medical records could make sure they were providing were actually the plaintiff's. The defendants could have asked simply for the medical records of "Dennis Strong," but if the Outagamie County Jail or Redgranite ever had had more than one inmate named Dennis Strong, they would have no way of knowing which records to produce.

The plaintiff disagreed with Judge Joseph's order requiring him to sign the release form. Parties often disagree with judges' orders. But the appropriate way to deal with such a disagreement is to file a motion to reconsider, or even to appeal, not to flatly ignore the court's order. Yet that is what the plaintiff did. The defendants attached to their motion to dismiss the plaintiff's eventual responses to their discovery demands. The envelope in which the plaintiff sent his responses is post-marked June 3, 2019; the defendants' "received" stamp is dated June 5, 2019. Dkt. No. 33-6 at 1. The plaintiff included the following statement:

> As to the issue of release forms and [defense counsel's] assertion to the court on 3/19/2019 that the plaintiff's social security # was a necessity to transact records subject to release; the matter will be held in abeyance while Keith Sellen of the Office of lawyer Regulation and Staff thereof ascertain through inquiry upon [defense counsel's]

8

> candor to the court coupled with any legal authority to the same that may or may not be consistent with [defense counsel's] compliance with SCR-20-1089724.

Id. at 2. The plaintiff made this assertion despite Judge Joseph's direct order that he must provide the signed medical release to the defendants by April 12, 2019. Dkt. No. 24 at 1. The plaintiff simply declared that he was holding the deadline Judge Joseph had set in abeyance and threatened to report defense counsel to the Office of Lawyer Regulation. This is a direct violation of Judge Joseph's order, *and* an abusive litigation tactic. It is an attempt to intimidate opposing counsel into dropping his request for the medical release, and it is sanctionable conduct.

The plaintiff also responded to the defendants' discovery demands with a blanket statement that his chronic mental health condition caused him to lack the capacity to answer the discovery demands. Dkt. No. 33-6 at 3-23. The plaintiff attached to his affidavit objecting to Judge Joseph's report and recommendation a document titled "Medical Affidavit in Support of the Petition." Dkt. No. 44-1. This is an affidavit from a Dr. Dilip Tannan, sworn in Winnebego County and notarized on September 7, 2018. Id. It states that Dr. Tannan completed a medical report, and that the doctor believed that involuntary treatment was necessary because the plaintiff had refused treatment, had a moderate or severe "deleterious condition as a result of his or her refusal," and was in danger of suffering serious harm or death unless forcibly treated. Id. The document bears the case number 2018CV000112 in the Circuit Court of Waushara County. Id. at 1.

The court assumes that the plaintiff attached this document in support of his claim that his mental condition make him incapable of complying with the defendants' discovery demands. The document is not persuasive. The

9

document does not say that Dr. Tannan found that the plaintiff was mentally ill. It says only that the doctor believes involuntary treatment is necessary. A review of the public docket for case number 2018CV000112 shows that the case started with a petition filed by the Department of Corrections on September 7, 2018. https://wcca.wicourts/gov, <u>Wisconsin Department of Corrections v. Dennis Strong</u> (Waushara County Circuit Court). At that time, the plaintiff was in Redgranite, located in the town of Redgranite, Wisconsin, which is in Waushara County. From the notes of a telephone motion hearing on September 14, 2018, it appears that the Department of Corrections filed the petition because the plaintiff was refusing to accept hydration, nourishment and medication. There were two other hearings, and the case was dismissed on October 11, 2018.

Even if the reason the plaintiff was refusing to eat, drink or take medication in September of 2018 was because of a mental or emotional condition, the issue appears to have resolved itself as of October 11, 2018—a month before the defendants sent the plaintiff the medical authorization form for the first time, dkt. no. 33-1, and a month and a half before the defendants served their first written discovery on November 27, 2018, dkt. no. 33-2. Between November 2018 and June 3, 2019 (the date on which it appears the plaintiff filed his one-sentence response to the discovery demands), the plaintiff filed four motions and attended two telephone hearings. Whatever issues he may have been having did not prevent him from filing legal pleadings or participating in court hearings. The plaintiff has not provided any medical evidence demonstrating that he has been diagnosed with a mental illness and has not explained why he is capable of filing pleadings and attending hearings but not of responding to discovery demands.

The *plaintiff* is the person who brought this lawsuit. The *plaintiff* asked to use the federal court system to seek relief against the defendants. Citizens have a right to use the court system to seek relief, but if they do so, they must follow the rules and procedures, and they must follow the court's orders. A person cannot file a lawsuit, demand relief against the people he sues but then refuse to comply with the court rules, the court procedures and the court's orders.

That is exactly what the plaintiff has done here. He filed a lawsuit, but he has refused to comply with the discovery rules and with Judge Joseph's orders. He has used abusive litigation tactics toward opposing counsel. The reasons he gives for refusing to comply with the rules and Judge Joseph's orders are not valid. The court will adopt Judge Joseph's recommendation.

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 35.

The court **DENIES** the plaintiff's motion for extension of time, motion for relief from the E-filing Project. Dkt. No. 40.

The court **ADOPTS** Judge Joseph's report and recommendation. Dkt. No. 43.

The court **GRANTS** the defendants' motion to dismiss. Dkt. No. 31.

The court **ORDERS** that this is case is **DISMISSED without prejudice**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

11

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of January, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**